# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOSHUA MOORE,

    Plaintiff,

    v.                         CASE NO. 19-3083-SAC

KANSAS DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Joshua Moore is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I. Nature of the Matter before the Court

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility-Central in El Dorado, Kansas ("EDCF"). The Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff alleges in his Complaint that he received pages removed from a stock exchange book in the mail that allegedly tested positive for amphetamines and opiates. Plaintiff was issued a disciplinary report for the introduction of contraband. Plaintiff alleges that Lt. Kruger did not allow the evidence used against Plaintiff to be sent to a laboratory for a chemical analysis as requested by Plaintiff, even though S.A. Ewing said it was allowed. Plaintiff alleges that Lt. Kruger failed to review a phone call between Plaintiff and his mother which would have

proved his innocence. Plaintiff alleges he is being held past his original release date due to unfounded accusations. Plaintiff was found guilty pursuant to his disciplinary proceedings and lost good time credit and his early release date.

Plaintiff names as defendants: the Kansas Department of Corrections; Joe Norwood, Secretary of Corrections; and (fnu) Ewing, EAI Officer at Norton Correctional Facility. Plaintiff's request for relief includes "credits," compensatory damages and punitive damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

Plaintiff's claims involve his prison disciplinary proceedings. "The Fourteenth Amendment prohibits states from depriving citizens of liberty without due process of law." *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005). This guarantee applies to prison inmates, but "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "The Supreme Court has established that protected liberty interests are at issue in the prison setting only when an inmate is subjected to (1) conditions that 'impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life' or (2) disciplinary actions that 'inevitably affect the duration of his sentence.'" *Harrison v. Morton*, 490 F. App'x. 988, 992 (10th Cir. 2012) (unpublished) (quoting *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995)).

Plaintiff takes issue with his loss of good time credits and seeks "credits" in his request for relief. Challenges to prison disciplinary proceedings affecting the duration of a sentence must be raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Abdulhaseeb v. Ward*, 173 F. App'x 658, 659 n.1 (10th Cir. 2006) (unpublished) (citing *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (stating petitions under § 2241 are used to attack the execution of a sentence, including the deprivation of good-time credits and other prison disciplinary matters); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) ("If [the petitioner] can show that his due process rights were violated in the subject

disciplinary proceedings, then § 2241 would be the appropriate remedy to use to restore his good time credits.")).

Furthermore, § 1983 is not applicable to "challenges to punishments imposed as a result of prison disciplinary infractions," unless the disciplinary conviction has already been invalidated. *Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007). The Supreme Court has made clear that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). This rule applies not only when the prisoner challenges his conviction but also when he challenges punishments imposed as a result of prison disciplinary infractions. *Balisok*, 520 U.S. at 648.

To the extent Plaintiff seeks restoration of his good time credit, he must raise such a claim in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Because Plaintiff has not asserted that his disciplinary conviction has been invalidated, his § 1983 claim for damages is subject to dismissal as barred by *Heck*.

## IV. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. The failure to file a timely response may result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **August 9, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 10th day of July, 2019.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**