# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOSHUA MOORE,

      **Plaintiff,**

      v.                           CASE NO. 19-3083-SAC

KANSAS DEPARTMENT OF
CORRECTIONS, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility-Central in El Dorado, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*. On July 10, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff until August 9, 2019, in which to show good cause why his Complaint should not be dismissed. Plaintiff has failed to respond by the deadline.

In the MOSC, the Court found that Plaintiff's claims involve his prison disciplinary proceedings. Plaintiff takes issue with his loss of good time credits and seeks "credits" in his request for relief. Challenges to prison disciplinary proceedings affecting the duration of a sentence must be raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Abdulhaseeb v. Ward*, 173 F. App'x 658, 659 n.1 (10th Cir. 2006) (unpublished) (citing *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (stating petitions under § 2241 are used to attack the execution of a sentence, including the deprivation of good-time credits and other prison disciplinary matters); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) ("If [the petitioner] can show that his due process rights were violated in the subject

disciplinary proceedings, then § 2241 would be the appropriate remedy to use to restore his good time credits.")).

Furthermore, § 1983 is not applicable to "challenges to punishments imposed as a result of prison disciplinary infractions," unless the disciplinary conviction has already been invalidated. *Cardoso v. Calbone*, 490 F.3d 1194, 1199 (10th Cir. 2007). The Supreme Court has made clear that "a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." *Edwards v. Balisok*, 520 U.S. 641, 643 (1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). This rule applies not only when the prisoner challenges his conviction but also when he challenges punishments imposed as a result of prison disciplinary infractions. *Balisok*, 520 U.S. at 648.

To the extent Plaintiff seeks restoration of his good time credit, he must raise such a claim in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Because Plaintiff has not asserted that his disciplinary conviction has been invalidated, his § 1983 claim for damages is subject to dismissal as barred by *Heck*. Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 13th day of August, 2019.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**